**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG **2 8** 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

**P. S. PRODUCTS, INC.,**                                           **PLAINTIFFS**
**BILLY PENNINGTON, Individually**

v.                                     Civil Action No. ___4:15CV538-BSM___

**AMAZON.COM, INC.,
AMAZON TECHNOLOGIES, INC.,
TANSOREN, SZROSE, TOPLIMIT; and
CCC INTERNATIONAL, CO. LTD.**                              **DEFENDANTS**

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually,

hereafter ("PSP,") by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this

Complaint against defendants Amazon.com, Inc., doing business as in Arkansas as Amazon

Technologies, Inc., (hereinafter "AMAZON"), Tansoren (a seller on Amazon), Szrose (a seller

on Amazon),  Toplimit (a seller on Amazon), CCC International, CO, LTD (a seller on

Amazon), (collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1.      This Court retains jurisdiction as patent infringement raises a federal question and

is proper under 28 U.S.C. § 1331.

2.      Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of

Arkansas because the actions which gave rise to the claims presented in this complaint occurred

in Little Rock, Arkansas, within the Eastern District of Arkansas.

This case assigned to District Judge___Miller___
and to Magistrate Judge_____Volpe_____

3.      Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendants. Defendants have maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers in Arkansas.      Furthermore, Defendant marketed its services and provided customer services to the state of Arkansas.

4.      Additionally, The Eastern District of Arkansas has personal jurisdiction of the Defendants because, among other things, Defendants are engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce illegal copies of Plaintiffs' patented products via www.amazon.com.

## PARTIES RELEVANT TO
## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

5.      This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, individually, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6.      Amazon.com, Inc., which does business in Arkansas as Amazon Technologies Inc., (hereinafter "AMAZON ") is a corporation organized under the laws of the State of Delaware and its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109-5210, with business activities throughout the   world and the World Wide Web including at amazon.com. AMAZON offers for sale many of the claimed infringing products, including those that are counterfeit versions of PSP's BLAST KNUCKLES™.

7.      Plaintiffs are informed and believe that at all times mentioned in this Complaint, each of the Defendants was the agent of each of the other Defendants and in doing the things averred in this Complaint, was within the course and scope of such agency.

8.      Defendant Szrose is a seller of stun guns on www.amazon.com. AMAZON does

not provide any profile information of its users publicly. Therefore, PSP sues such person or enity according to the Amazon seller's name. Upon learning the proper name of Szrose, PSP will amend the complaint.

9.      Defendant Toplimit is a seller of stun guns and sells such mounts on www.amazon.com. AMAZON does not provide any profile information of its users publicly. Therefore, PSP sues such person or entity according to the Amazon seller's name. Upon learning the proper name of Toplimit, PSP will amend the complaint.

10.      Defendant Tansoren is a seller of stun guns and sells such stun guns on www.amazon.com. Amazon does not provide any profile information of its users publicly. Therefore, PSP sues such person or entity according to the Amazon seller's name. Upon learning the proper name of Tansoren, PSP will amend the complaint.

11.      Defendant CCC International, CO, LTD., is a seller of stun guns and sells such stun guns on www.amazon.com. Amazon does not provide any profile information of its users publicly. Therefore, PSP sues such person or entity according to the Amazon seller's name. Upon learning the proper name of CCC International, CO, LTD., PSP will amend the complaint.

12.      At all times herein mentioned , Defendants, and each of them, hereinabove, were the agents, servants, employees, partners, alter-egos, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the   remaining Defendants. Each of the Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs, as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful

acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that is/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL BASIS FOR THE CLAIMS ASSERTED

13. The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

14. The Plaintiffs market and sale its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

15. The Defendant is a seller and importer of goods from China and sells the goods as retail and wholesale nationwide.

16. The Defendant uses shopping cart technology and the buyer makes its purchase from Defendant.

17. The Defendant owns and operates the website www.amazon.com.

18. On February 5, 2008, United States Letters Patent No. US D561, 294 S, were issued to the Plaintiffs for an invention for a Stun Gun. See Exhibit A.

19. The Plaintiffs owed the patent No. US D561, 294 S throughout the period of the Defendants infringing acts and still owns the patent. See Figure 1. Below.



20.     The Plaintiffs' products are one of a kind.

21.     The Plaintiffs' designs are its own intellectual property.  No goods of this design existed prior to the Plaintiffs' designs and patents.

22.     The Plaintiffs are the only holder of patents on products of this kind in the United States.

23.     The Blast Knuckle Stun Gun is the Plaintiffs most sought after and sold product.

24.     The Plaintiffs makes most of its revenue off of the patented Blast Knuckle® stun gun than any other item it sells.

25.     The Plaintiffs have complied with the statutory requirement of placing a notice of the Letters of Patent on all Stun Guns.

26.     On information and belief the Plaintiffs learned that as early as March 1, 2014 that the Defendant began selling an illegal product that embodied the Plaintiffs' patent.

27.     The Defendant currently has the illegal products on its websites.

28.     The Defendant has sold and continue to sell on their websites illegal copies of the Plaintiffs' patents and contributes to third parties selling illegal copies of the Plaintiffs' patents on its websites.

29.     35 U.S.C. § 271 states in part,

"(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

30.     The Defendant's actions have violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

31.     The Defendant, intentionally, willfully, and wantonly violated 35 U.S.C. § 271 and 15 U.S.C. § 1125.

32.     The Defendant without authority placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

33.     The Defendant without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, the Plaintiffs' patented inventions, within the United States.

34.     The Defendant have induced individuals and companies to infringe on the Plaintiffs' patented products.

35.     A person with an internet connection may find the Defendants' illegal product on the websites website www.amazon.com.

36.     Defendants expose for sale, offer to sell, and sell a stun gun ("Accused Devices"), including the following ASIN numbers:

a.      ASIN: B001OLVCKO by Szrose;

b.      ASIN: B00IVIKSYQ by Toplimit;

c.      ASIN: B00Y8EONLO by Tansoren;

d.      ASIN: B00HRWEI16 by CCC International, CO., LTD.;

37.     The above identified sellers (hereinafter "AMAZON Seller Defendants") that put the Accused Devices on Website all do so with AMAZON's express permission.

38.     In addition to these infringing products, PSP also received from AMAZON knock-off devices, representative pictures of which are provided below. See Fig. 2 Below.



39.     The Accused devices available from AMAZON through www.amazon.com violate PSP's patent and trade dress rights, and/or trademark rights at least to the ASIN numbers identified above.

40.     PSP's '294 patent covers the Accused devices exposed for sale, offered for sale, and sold through AMAZON seller defendants.

41.     The Accused Devices violate PSP's trademark Reg. No. 4,014,352 and trade dress rights in the term its Blast Knuckle™ product by causing confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's Blast Knuckle™ product.

42.     On March 19, 2014, March 27, 2014, April 15, 2014, July 11, 2014, September 18, 2014, November 11, 2014 and December 11, 2014, PSP's attorney sent AMAZON correspondence advising that AMAZON was placing in the stream of commerce products that infringed upon PSP's property rights, including PSP's patent, trademark, and trade dress rights.

43.     On August 24, 2015, AMAZON's website indicated that many of the Accused devices still remained on its website.

44.     Despite PSP's request, AMAZON - and AMAZON seller defendants - continue to expose for sale, offer for sale, and sell the infringing Accused Devices on its website.

45.     Defendants' exposing for sale, offering for sale, and selling the infringing Accused devices on AMAZON's website violates PSP's intellectual property rights by warehousing and/or offering for sale Accused devices, resulting in facilitation of third-party purchases of Accused Devices that violate PSP's intellectual property rights.

46.     Likewise, on information and belief, at least the AMAZON seller   defendants' import into the United States the Accused Devices, also violate PSP's intellectual property rights.

47.     AMAZON manages and controls the items that can be exposed for sale, offered for sale, and sold on its website.

48.     AMAZON manages and controls which sellers can expose for sale, offer for sale, sell, and purchase products on its website.

49.     AMAZON fulfillment centers in the United States fulfill the sale of the products purchased on its website.

50.     AMAZON profits from its website, as sellers must pay a fee to sell items.

51.     But for AMAZON and the AMAZON seller defendants exposing for sale, offering for sale, and selling the Accused devices, PSP would not have been damaged nor would its intellectual property rights have been infringed.

52.     After receiving notice of PSP's patent, trademark and trade dress rights, AMAZON continued to induce third parties to list counterfeit and illegal products on its website.

53.     AMAZON chose to ignore PSP's notice because of the financial incentives it receives from its website.

54.     AMAZON's willful and deliberate actions have caused significant harm to PSP.

55.     Defendants infringe on PSP's patent rights and trademark rights.

56.     AMAZON has induced third parties to infringe on PSP's patent rights.

57.     AMAZON has contributorily infringed on PSP's trademark rights.

58.     AMAZON has contributorily infringed on PSP's trade dress rights.

59.     Defendants placed in the stream of commerce illegal products that are significantly cheaper than PSP's product.

60.     PSP has lost customers and revenue due to the illegal and infringing products being put in to the stream of commerce by Defendants.

61.     Despite PSP's attempts to resolve this matter amicably and without litigation, PSP has been required to bring suit for damages and injunctive relief.

## FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT
## (Against All DEFENDANTS)
## 35 U.S.C. § 271

70.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

71.     AMAZON infringed upon the rights of PSP's '294 patent by exposing for sale, offering to sell, selling, and importing the Accused Devices in the United States.

72.     AMAZON will continue to infringe the '294 patent unless an injunction is granted by this Court.

73.     AMAZON acts are willful, in disregard of, and with indifference to, the rights of PSP.

74.     As a direct and proximate cause of the infringement by AMAZON, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, AMAZON Seller Defendants are liable to PSP to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

WHEREFORE, Plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**PATENT INFRINGEMENT BY INDUCEMENT**
**(Against AMAZON)**
**35 U.S.C. § 271(b)**

75.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

76.     AMAZON has infringed upon the rights of PSP's patent by inducing individuals and companies to infringe upon the rights of PSP's '294 patent.

77.     AMAZON, with knowledge of PSP's patent rights, has continued to allow the Accused Devices to be exposed for sale, offered for sale, and sold on its website at www.amaon.com with knowledge that the Accused Devises infringe the '294 patent.

78.     AMAZON will continue to induce infringement of the '294 patent through its website at www.amazon.com unless enjoined by this Court.

79.     AMAZON's acts are willful, in disregard of, and with indifference to, the rights of PSP.

80.     As a direct and proximate cause of the infringement by AMAZON, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, AMAZON is liable to PSP to the extent of its total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

### THIRD CLAIM FOR RELIEF
### TRADEMARK  INFRINGEMENT
### (Against All Defendants)
### 15 U.S.C. § 1125(a)(1)

81.     PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

82.     Defendants have infringed PSP's trademark rights in its BLAST KNUCKLES™ mark by using the term and the confusingly similar names to sell the same product.

83.     On information and belief, Defendants have used the names BLAST KNUCKLES, despite the knowledge that the Accused Devices are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES™ product.

84.     The acts of Defendants are willful, in disregard of, and with indifference to the rights of PSP.

85.     As a direct and proximate cause of the infringement by Defendants,  PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM FOR RELIEF
## CONTRIBUTORY TRADEMARK INFRINGEMENT
## (Against Amazon Seller Defendants)

86.     PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

87.     AMAZON Seller Defendants has engaged in contributory infringement of PSP's trademark rights in its BLAST KNUCKLES™ mark by inducing individuals and companies to infringe upon the rights of PSP's trademark.

88.     AMAZON Seller Defendants has allowed the Accused Devices to be offered and sold on its website, despite knowledge that the Accused Devices being offered and sold on its website are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES ™ product.

89.     AMAZON Seller Defendants acts are willful, in disregard of, and with indifference to the rights of PSP.

90.     As a direct and proximate cause of the infringement by AMAZON Seller Defendants, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF
## TRADE DRESS INFRINGEMENT
## (Against Amazon Seller Defendants)
## 15 U.S.C. §1125(a)(l)

91.     PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

92.     AMAZON Seller Defendants have engaged in infringement of PSP's trade dress rights in its BLAST KNUCKLES™ product by placing into commerce the Accused Devices.

93.     AMAZON Seller Defendants have offered and sold the Accused Device, despite knowledge that the Accused Devices being offered and sold are likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's BLAST KNUCKLES™ product.

94.     AMAZON Seller Defendants' acts are willful, in disregard of, and with indifference to the rights of PSP.

95.     As a direct and proximate cause of the infringement by AMAZON Seller Defendants, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

## SIXTH CLAIM FOR RELIEF
## CONTRIBUTORY TRADE DRESS INFRINGEMENT
### (Against AMAZON)
### 15 U.S.C. §1125(a)(l)

96.     PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

97.     AMAZON has engaged in contributory infringement of PSP's trade dress rights in its BLAST KNUCKLES™ product by inducing individuals and companies to infringe upon the trade dress rights in PSP's product.

98.     AMAZON has allowed the Accused Device to be offered and sold on its website, despite knowledge that the Accused Device being offered and sold on its website is likely to cause

confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of PSP's AIRFRAME™ product.

99.    AMAZON's acts are willful, in disregard of, and with indifference to the rights of PSP.

100.    As a direct and proximate cause of infringement by AMAZON, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**SEVENTH CLAIM FOR RELIEF**
**UNFAIR TRADE PRACTICES**
**(Against ALL DEFENDANTS)**

101.    PSP restates and re-alleges each of the allegations set forth above as though fully set forth herein.

102.    The above described acts and omissions, including but not limited to, Defendants' continued infringement of PSP's design patent, and their infringement of PSP's trademark and/or trade dress rights, constitute unfair competition under section Arkansas's Deceptive Trade Practices Act at A.C.A. § 4-88-107

103.    By reason of these wrongful acts and omissions by Defendants, PSP has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Defendants have caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable injury and damage to PSP.

Therefore, the Plaintiffs demand:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendant, and each of them jointly and severally, as follows:

A.     Judgment against the Defendant declaring that the Defendant's actions directly infringe on the Plaintiffs' patents Nos. US D561, 294 S;

B.     Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C.     Plaintiffs' lost profits with respect to each patent infringement in amounts to be proven at trial;

D.     The Defendants' profits from the illegal product.

E.     Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendant's willful infringement;

F.     A declaration that the Plaintiffs' case against the Defendant is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

G.     An award of costs and attorneys' fee to the Plaintiffs; and,

H.     Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: August 28, 2015

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
P.O. Box 25862
Little Rock, AR 72221
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net



US00D561294S

(12) **United States Design Patent**
Pennington

(10) Patent No.: **US D561,294 S**
(45) Date of Patent: ** **Feb. 5, 2008**

(54) **STUN GUN**

(76) Inventor: **Billy Pennington**, 414 S. Pulaski St., Suite 1, Little Rock, AR (US) 72201

(**) Term: **14 Years**

(21) Appl. No.: 29/247,836

(22) Filed: **Jul. 14, 2006**

(51) LOC (8) Cl. .................................. **22-02**
(52) U.S. Cl. .................................. **D22/117**
(58) Field of Classification Search .............. D22/117, D22/118, 199, 105; 42/1.08; 222/175, 183
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D351,639 S | 10/1994 | Su | D22/117 |
| D365,622 S | * 12/1995 | Edwards | D22/117 |
| D375,994 S | * 11/1996 | Collins et al. | D22/117 |
| 6,256,916 B1 | 7/2001 | McNulty | 42/1.08 |
| D469,498 S | * 1/2003 | Oscarsson | D22/117 |
| 6,636,412 B2 | 10/2003 | Smith | 361/232 |
| 6,807,762 B1 | 10/2004 | Edwards | 42/1.08 |
| D503,451 S | * 3/2005 | Tal | D22/117 |
| D530,777 S | * 10/2006 | Rhee | D22/117 |

* cited by examiner

*Primary Examiner*—Catherine R. Oliver
(74) *Attorney, Agent, or Firm*—Crossley Patent Law; Mark A. Crossley

(57) **CLAIM**

The ornamental design for a stun gun, as shown and described.

**DESCRIPTION**

FIG. **1** is a front elevation view of a stun gun showing my new design;

FIG. **2** is a top plan view;

FIG. **3** is a bottom plan view;

FIG. **4** is a right side elevation view;

FIG. **5** is a left side elevation view; and,

FIG. **6** is a left side isometric view of a stun gun showing my new design.

**1 Claim, 4 Drawing Sheets**





**PLAINTIFF'S EXHIBIT**
**A**
tabbies

**U.S. Patent**      Feb. 5, 2008      Sheet 1 of 4      **US D561,294 S**



# FIG. 1



FIG. 2



FIG. 3





FIG. 4                         FIG. 5



## FIG. 6